## EXXON CORPORATION

v.

## COLUMBIA GAS TRANSMISSION CORPORATION.

### Civ. A. No. 83–1586 "L".

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

March 26, 1985.

Melinda Furche Harmon and Barry L. Wertz, Houston, Tex. and H.H. Hillyer, Jr., New Orleans, La., for plaintiff.

Thomas R. Blum, New Orleans, La., and H.L. Snyder, Charleston, W.Va., for defendant.

## MEMORANDUM RULING

DUHE, District Judge.

This matter involves an action by Exxon Corporation (Exxon) against Columbia Gas Transmission Corporation (Columbia) for the alleged breach of seventy-nine contracts of the sale of natural gas from onshore and offshore fields in Louisiana and Texas. Presently before the Court are two motions:

(1) A motion by Columbia to stay this action pending the resolution of the issues involved herein by the Federal Energy Regulatory Commission (FERC) or the U.S. Court of Appeals for the Fifth Circuit; and

(2) A motion by Exxon for summary judgment as to Columbia's liability on the obligations sued upon.

## I. MOTION TO STAY

This Court has little difficulty in denying this motion. The issues that the FERC and the Fifth Circuit are considering are peripheral to the central litigation in this matter, that is, the question of the defendant's nonperformance of its obligations. See, e.g., the Memorandum Ruling of this Court of February 13, 1985, in *The Superior Oil*

*Company v. Transco Energy Company, et al,* 616 F.Supp. 98 (W.D.La.1985).

## II. MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY

Exxon has moved that this Court render summary judgment in its favor as to Columbia's obligations in these 79 contracts. Specifically, Exxon requests a declaratory judgment that the following obligations of Columbia are fully enforceable:

(1) the obligation take and pay for or pay for if available for delivery and not taken certain quantities of natural gas.

(2) the obligation to take and pay for a certain minimum quantity of natural gas.

(3) the obligation to pay for each category of gas in accordance with its price regardless of the "mix" of categories delivered by Exxon; and

(4) the obligation to pay for deregulated gas in accordance with the contractual pricing provisions.

### A. *The Take-or-Pay and Minimum Take Obligations.*

Columbia asserts various affirmative defenses to its obligation to take and pay for certain minimum quantities of natural gas, and take and pay for or pay for if available but not taken certain additional quantities of natural gas. Among those affirmative defenses is the alleged occurrence of force majeure events.

The contracts in question provide, in pertinent part:

In the event of either party hereto being rendered unable, wholly or in part, by force majeure, to carry out its obligations under this contract, other than to make payments due hereunder, it is agreed that on such party's giving notice and full particulars of such force majeure in writing, or by telegraph, to the other party as soon as practicable after the occurrence of the cause relied on, then the obligations of the party giving

such notice, so far as they are affected by such force majeure, shall be suspended during the continuance of any inability so caused, but for no longer period, and such cause shall as far as possible be remedied with all reasonable dispatch. The term "force majeure" as employed herein shall mean acts of God, strikes, lockouts, or other industrial disturbances, acts of the public enemy, wars ... and any other causes, whether of the kind herein enumerated or otherwise, not within the control of the party claiming suspension, and which by the exercise of due diligence such party is unable to prevent or overcome ...

Columbia notified Exxon that due to the occurrence of a number of force majeure events, it was compelled to reduce its purchases of natural gas to a quantity substantially less than that contracted-for. The alleged force majeure events are:

(1) the abnormally mild winter of 1982–83;

(2) the severe economic recession in Columbia's service area; and

(3) the inability of Columbia to market its gas due to the relatively high price of the gas compared to competing alternative energy sources.

■ It is clear to this Court that there exists a very real question of fact as to whether Columbia has actually been rendered unable to perform, and whether the events cited by Columbia are encompassed by the force majeure clause of the contracts in question. The scope of force majeure in these contracts is considerably broader than the statutory concept of force majeure, and this Court concludes that a full evidentiary hearing will be necessary to resolve the issue.

Under the terms of these contracts, if Columbia is relieved by force majeure of its obligations to take specified quantities of natural gas above its minimum take requirements, it is also relieved of its obligation to pay in lieu of taking. Hence, the questions of fact which preclude summary judgment as to Columbia's liability to take both minimum and additional quantities of natural gas also preclude summary judgment on Columbia's liability to pay in lieu of taking the additional quantities.

### B. *The Price Owed and The Mix of Gas Delivered By Exxon*

■ Columbia argues that the Natural Gas Act requires Exxon to reduce its production on a pro rata basis across all price categories in supplying Columbia's reduced taking of gas. Columbia asserts, without any authority, that the "public interest" would be disserved by a disproportionate reduction by Exxon of low-cost gas delivered to Columbia. Although such a reduction is undoubtedly against the private interest of Columbia, this Court fails to see any issue of fact as to it being against the public interest. And, most importantly, the parties provided in their overriding letter agreement of December 13, 1982, that:

"Columbia shall make a single volume request for gas well gas and Exxon may dispatch such volumes, at its discretion, from the various properties covered by the agreements governed hereby [i.e., the seventy-nine contracts as amended]. All quantities shall be determined in total and Exxon shall not be obligated to maintain any particular deliverability in any specific area or under any specific agreement." Exxon complaint, Exhibit I at p. 2.

It is clear the parties provided that Exxon was given complete discretion in the mix of gas categories it could deliver to Columbia. Accordingly, Exxon is entitled to a summary declaratory judgment in its favor as to this issue.

### C. *Price of Deregulated Gas.*

■ Columbia concedes that it is not paying the contracted-for price of deregulated natural gas under four of the contracts (Exxon contracts Numbers 5956, 5937, 5903, and 5382), but contends that the price provisions of these contracts should be modified to permit it to pay a lower price, or alternatively, that the contracts should be rescinded. Columbia argues that

error or failure of cause requires such action by this Court, because the parties assumed the contracted-for price would allow Columbia to market the gas without incurring losses. Unfortunately for Columbia, that assumption has not been borne out by subsequent events.

This Court concludes that what we have in this situation is not error as to or a failure of cause, but rather an error in motive. Professor Litvinoff explains:

> Cause—or end—is distinguishable from the motive that prompts the debtor to bind himself. The motive is the accidental reason that induces a person to enter a contract. It is subjective, and therefore, it varies with each individual ... the purchaser may buy because he moved to that locality, or thinks that the best investment for his capital, or just to gain prestige.

> The motive bears a decisive influence upon the party's will. However, an error in motive does not nullify the obligation. 1 Litvinoff § 220 (La.Civil Law Treatise, 1969). See also comment (f) to La.Civil Code Article 1950 (1985).

The principal cause of these four contracts, i.e., a certain quantity of natural gas for a certain price, remains intact, in spite of the fact that Columbia's hopes for the marketing of this gas at commercially profitable level have been dashed. Accordingly, Exxon is entitled to a summary declaratory judgment in its favor as to the price provisions of these four contracts.

## CONCLUSION

To recapitulate, this Court denies Exxon's motion for summary judgment as to Columbia's take or pay and minimum take liability, but grants its motion as to Columbia's liability to take and pay for whatever mix of gas categories Exxon delivers, and to pay the contracted-for price under the four contracts pertaining to deregulated gas. Counsel for Exxon is ordered to submit a proposed judgment consistent with this opinion.